JOHN W. HUBER, United States Attorney (#7226)
ANDREW CHOATE, Assistant United States Attorney (#13615)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801)-524-5682
Email: Andrew.choate@usdoj.gov

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

AUG 12 2015

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON ELLIOTT,<br><br>Defendant. | Case No. 1:15-cr-0010 DN<br><br>STATEMENT IN ADVANCE OF PLEA PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)<br><br>Judge Dustin B. Pead |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and completing this form:

1. As part of this agreement with the United States, I intend to plead guilty to Count 1 of the Information. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 1, Human Trafficking of Children, 18 U.S.C. § 1591 are:

   1. That I knowingly recruited, harbored, provided, or transported, a person that I knew or had reason to know, was less than eighteen years of age;
   2. That I knew the person would be caused to engage in a commercial sex act;
   3. That these activities were in, or affected, interstate commerce;

2(a). I know that the maximum possible penalty provided by law for Count 1 of the Information, a violation of 18 U.S.C. § 1591, is a term of imprisonment of not less than Ten years, and up to a term of life in prison, a fine of $250,000, and a term of supervised release of up to five years. I understand that if the supervised release term is violated, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

(b) Additionally, I know the court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

(c) I understand that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea for that reason. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can have a trial.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

(a) I have a right to the assistance of counsel at every stage of the proceeding.

(b) I have a right to see and observe the witnesses who testify against me.

(c) My attorney can cross-examine all witnesses who testify against me.

(d) I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

(e) I cannot be forced to incriminate myself, and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea and for calculating the sentence in my case:

**That between January 1, of 2013, and January 20, of 2013, in Weber County, Utah, I did engage in the following conduct:**

**I did knowingly advertise and arrange, via the internet and through the use of cell phones, for C.W. to engage in commercial sex acts with clients of my escort service. I knew, or should have known, that C.W. was under 18 years of age, and that she would be caused to engage in sexual acts with my clients in exchange for money.**

12. The only terms and conditions pertaining to this plea agreement between the defendant and the United States are as follows:

A. The defendant agrees:

(1) I will plead guilty to Count 1 of the Information;

**Appeal Waiver**

(2)(a) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement;

(2)(b) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth above, in any collateral review motion, writ or

other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel;

(2)(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2);

(2)(d) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to the imposition of imprisonment, fines, supervised release, probation (and any specific terms and conditions thereof); and any orders of restitution.

B. The United States agrees:

(1) To recommend that the defendant should serve his term of imprisonment in a federal medical facility, or a facility that can adequately treat his medical issues.

C. The United States and the Defendant agree:

(1) Pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the sentence imposed by the Court will be 72 months of imprisonment with three years of supervised release, and further agree that 72 months of imprisonment with three years of supervised release is a reasonable sentence.

(2) The defendant and the United States understand that this agreement, including the defendant's plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. The defendant and the United States further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and the parties agree to fully cooperate in the preparation of the Presentence Report.

(3) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 72 months of imprisonment with three years of supervised release will be imposed, defendant will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, If the Court rejects the plea agreement and determines that the sentence should be less than 72 months, the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

(4) The Defendant and the United States agree that all other sentence provisions (e.g. supervised release, assessments, etc.) will be imposed in accordance with applicable law.

\* \* \* \*

I make the following representations to the Court:

1. I am **44** years of age. My education consists of **bachelor**. I _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms and those provisions will be made a part of this agreement. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty.

4. Neither my attorney nor the government has represented to me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 12 day of August, 2015

_____
AARON ELLIOTT
Defendant

I certify that I have discussed this statement with the defendant, that I have fully explained his[her] rights to him[her], and I have assisted him[her] in completing this form. I believe that he[she] is knowingly and voluntarily entering the plea with full knowledge of his[her] legal rights and that there is a factual basis for the plea.

DATED this 12 day of August, 2015

_____
CARA TANGARO
Attorney for Defendant

I certify that all terms of the plea agreement between the defendant and the government have been disclosed to the Court, and there is a legal and factual basis for the defendant's plea of guilty.

DATED this 12 day of August, 2015

JOHN W. HUBER
United States Attorney

_____
ANDREW CHOATE
Assistant United States Attorney