FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 26 2017

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

Aaron Elliott,　　　　　　　　　　　　Case No.: 1:15-CR-00010-01
Defendant,

v.

United States of America,
Respondent.

MOTION FOR RETURN OF PROPERTY
PURSUANT TO FEDERAL RULE OF
CRIMINAL PROCEDURE 41(G)

Defendant, Aaron Elliott ("Hereon Elliott") respectfully file this motion for return of property, pursuant to the Federal Rule of Criminal Procedure (Fed.R.Crim.P.) 41(g). Good cause exists to grant this motion.

1. The Court must liberally construe Elliott's pleadings. See **McBride v. Deer**, 240 F.3d 1287, 1289 (10th Cir. 2001).

2. Federal Rule of Evidence 201 allows federal courts to take judicial notice of adjudicated fact that "can be accurately and readily determine from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(a) "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without federal judicial system, if those proceedings have a direct relation to matter at issue." **St. Louis Baptise Temple, Inc. v. FNIC,** 605 F.2d 1172 (10th Cir. 1979) (citations omitted). Furthermore, Rule 201 authorizes federal courts to take judicial notice of adjudicative facts sue sponte. Fed.R.Evid. 201(c)(1); **Zimomra v. Alamo-Rent-A-Car, Inc.**, 111 F.3d 1495, 1503 (10th Cir. 1997) (noting federal courts may take judicial notice "in the absence of a request of a party."). Elliott requests that the Honorable Court take judicial

1

notice of his previous criminal proceeding relevant to the resolution of this motion.

An "aggrieved" person may move for the return of seized property under Fed.R.Crim.P. 41(g). The rule states in relevant part as follows:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.... If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings. Fed.R.Crim.P. 41(g). Elliott proceeds as one who "... aggrieved by the deprivation of property...." Id.

Courts recognize generally that the government is entitled to retain legally seized evidence until the conclusion of a criminal case. See, e.g., **United States v. Rodriguez-Aguirre**, 264 F.3d 1195, 1212-12 (10th Cir. 2001). Elliott's proceedings had concluded, so there is no justification in retaining the property.

Furtheremore, when property is seized and held by local law enforcement officials, as opposed to federal law enforcement officials, a federal court ordinarily lack subject matter jurisdiction over a motion to return such property. See **United States v. Copeman**, 458 F.3d 1070, 1071 (10th Cir. 2007). However, "there are some limited circumstances under which Rule 41([g]) can be used as a vehicle to petition for the return of property seized by state authorities. Id. When property is seized by state officials, a movant can invoke Rule 41(g) only if: (1) federal authorities have actual possession of property; (2) federal authorities have constructive possession of the property that was considered evidence in the federal prosecution, or (3) the state official acted at the direction of federal authorities when the property was seized." **United States v. Dawns**, 22 Fed. Appx. 961, 963 (10th Cir. 2001).

This Court has the power to return any of the property listed below. The relevant undisputed facts are as follow. During the course of a traffic stop, and the excusion of a series of search warrants, numerous items of personal property, and U.S. Currancy were seized, including, inter alia,

Traffice stop:
1-cell phone

First resident search warrant:
1-Toshiba Qosmjo Laptop;
1-HP, laptop;
Approximately 5-laptops (unopend)
Approximately 6-computor and drivers;
1-Samsung Galaxy S-4, cellphone;
1-Samsung Galaxy S-3, cellphone;
Approximately 8-other cellphones;
1-Credit/debit car machine;
Approximately 100-CD-Roms;
Tax documents/records;
Cooperate documents/records;
Business Documents/records, and supplies and
Approximately $5,000.00 in U.S. Currency

Office search warrant:
1-HP Computor Tower;
and Bussiness documents, records, and supply.

Second resident search warrant:
1-HP Laptop;
1-Credit card machine;
Digital voice recorder;
Business documents, records, and supplies;
1-Samsung Galaxy S-4 Cellphone; and
1-Samsung Galaxy S-3 Cellphone.

Elliott also requests that the court direct respondent to provide him with a copy of all evidentiary lists for all property seized to fully complete his list of seized property, in order to properly make his request to the other unnamed property.

I, designates: Russell Lund, 1213 North 950 E., Bountiful, UT 84010; Tel: (801) 540-2627, a third party to take possession of the listed property.

## CONCLUSION

Wherefore, for the aforesaid reasons, and precedents cited Elliott respectfully avers that the Honorable court should enter an order directing the United States and its agents to promptly return his property and any other releif deem just and appropriate to remedy this constitutional violatition.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was provided upon: AUSA, Andrew R. Choate, U.S. Attorney's Office, 351 S. West Temple, Salt Lake City, UT 84101, via first class U.S. mail postage prepaid on this 15th day of December, 2017, utilizing the mailbox system provided to prisoners for mailing legal mail.

Respectfully submitted,

Aaron Elliott
Aaron Elliott
USMCFP-Springfield
Reg. No.: 21710-081
P.O. Box 4000
Springfield, Mo 65801

AARON ELLIOTT # 21710-081
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, Missouri 65801-4000

SPRINGFIELD, MO 658
30 DEC 2017 PM 2



OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
DISTRICT OF UTAH
UNITED STATES COURTHOUSE
351 SOUTH WEST TEMPLE
SALT LAKE CITY, UT 84101

LEGAL MAIL

84101-190899