IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>AARON ELLIOTT,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR RETURN OF PROPERTY**<br><br>Case No. 1:15-cr-00010-DN<br><br>District Judge David Nuffer |

Defendant Aaron Elliott seeks the return of property seized by state law enforcement officers in relation to this case.[1] Because Mr. Elliott's property is not in the possession of federal authorities and Mr. Elliott has failed to show irreparable harm and an inadequate remedy at law, jurisdiction is lacking. Therefore, Mr. Elliott's Motion for Return of Property is DENIED without prejudice.

**DISCUSSION**

FED. R. CRIM. P. 41(g) provides that "[a] person aggrieved . . . by the deprivation of property may move for the property's return" by filing a motion in the district where the property was seized.[2] "A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows irreparable harm and an inadequate remedy at law."[3] Additionally, "to the extent the government is no longer in possession of the [movant's] property . . . sovereign

---

[1] Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) ("Motion for Return of Property"), docket no. 36, filed Dec. 26, 2017.

[2] FED. R. CRIM. P. 41(g).

[3] *United States v. Soto-Diarte*, 370 Fed. Appx. 886, 887 (10th Cir. 2010) (internal quotations omitted).

immunity bars [the movant's] claim" and the district court lacks jurisdiction to grant relief under Rule 41(g).[4]

Mr. Elliott seeks the return of several items of property that were seized by state law enforcement officers during the course of a traffic stop and the execution of a series of search warrants.[5] The Federal Bureau of Investigation ("FBI") later took possession of the seized property in its investigation of this case. However, the FBI returned the property to the original state investigative agency (the Riverdale Police Department) in January 2017, eleven months prior to the filing of Mr. Elliott's Motion for Return of Property.[6] And the government never sought forfeiture or to dispose of the property through federal process.[7]

Mr. Elliott does not assert or argue that he will suffer irreparable harm if the property is not returned or that he lacks an adequate remedy at law to obtain the property's return. Mr. Elliott also concedes that the FBI's return of the property to the state authorities precludes his obtaining relief under Rule 41(g).[8]

Because Mr. Elliott's property is not in the possession of federal authorities and he has failed to show irreparable harm and an inadequate remedy at law, jurisdiction over his Motion for Return of Property is lacking.

---

[4] *Clymore v. United States*, 415 F.3d 1113, 1120 (10th Cir. 2005).

[5] Motion for Return of Property at 3.

[6] Response of United States for Return of Property at 1, docket no. 55, filed May 13, 2020.

[7] *Id*.

[8] Reply on Motion for Return of Property Under Rule 41(g) at 1, docket no. 56, filed May 20, 2020.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Elliott's Motion for Return of Property[9] is DENIED without prejudice.

Signed May 21, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[9] Docket no. 36, filed Dec. 26, 2017.