IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON ELLIOTT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 1:15-cr-00010-DN<br><br>District Judge David Nuffer |

Defendant filed a motion seeking compassionate release.[1] The government and the United States Probation Office oppose Defendant's Motion.[2] While Defendant has serious health conditions that make this motion closer than most, he fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify compassionate release. Therefore, Defendant's Motion[3] is DENIED.

## DISCUSSION

### Defendant's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Motion for Compassionate Release ("Motion"), docket no. 59, filed Aug. 28, 2020.

[2] United States' Response in Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 62, filed under seal September 22, 2020; First Step Act Relief Recommendation ("Recommendation"), docket no. 64, filed under seal October 2, 2020.

[3] Docket no. 59, filed Aug. 28, 2020.

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Defendant submitted a request for relief under the First Step Act to the Warden at Springfield MCFP in May 2020.[8] The Warden denied Defendant's request on May 20, 2020.[9] And on August 28, 2020, Defendant filed his Motion. Therefore, the Motion is procedurally proper and its merits may be addressed.[10]

### Defendant fails to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify compassionate release

Defendant argues that because his medical conditions place him in the high risk category of suffering serious complications or death if he contracts COVID-19, extraordinary and compelling reasons exist to warrant compassionate release.[11] Defendant is 49 years old and has served over 75% of his 72-month prison sentence.[12] He asserts that he suffers from diabetes,

---

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Reduction in Sentence Application at 1-2, docket no. 59-1, filed Aug. 28, 2020.

[9] *Id*. at 3.

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] Motion at 1, 8-12.

[12] Recommendation.

hypertension, obesity, and end-stage kidney disease, which requires dialysis.[13] Defendant has had no disciplinary history since being in Bureau of Prisons ("BOP") custody,[14] and he asserts that he is a model inmate and in the low risk category for reoffending.[15] And if granted relief, Defendant will reside with his brother in La Puente, California.[16]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant."[17] The USSC policy statement is not binding for purposes of Defendant's Motion.[18] But it does provide helpful considerations for determining whether Defendant's circumstances constitute extraordinary and compelling reasons to warrant relief. Specifically, the policy statement provides that "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[19]

---

[13] Motion at 8; Bureau of Prisons Health Services Health Problems ("BOP Medical Records"), docket no. 59-2, filed Aug. 28, 2020.

[14] Report ¶ 14 at 4.

[15] Motion at 10.

[16] *Id*. at 12.

[17] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[18] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

[19] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[20]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[21]

Defendant has demonstrated that his medical conditions constitute "extraordinary and compelling reasons" under the USSC policy statement. Defendant has several infirmities, including an end-stage organ disease.[22] These conditions also place Defendant in the high risk category of suffering serious complications or death if he contracts COVID-19.[23] Nevertheless, Defendant's medical conditions does not justify granting him compassionate release.

Defendant's medical conditions were known at the time of his sentencing. He was diagnosed with end-state chronic kidney disease in October 2011, approximately 15 months before committing the underlying criminal offense in this case.[24] And his original Presentence Investigation Report noted that he was also suffering from diabetes and hypertension.[25] Defendant is incarcerated in a BOP medical facility that specializes in housing prisoners that

---

[20] *Id*. at Commentary Application Notes 1(B).

[21] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

[22] Motion at 8; BOP Medical Records.

[23] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 2, 2020).

[24] Presentence Investigation Report ("PSR") ¶¶ 5-8, 40, docket no. 61-1, filed Sept. 9, 2020.

[25] *Id*. ¶ 40.

require long-term medical and mental health care.[26] And his prison medical records indicate that he is receiving medical attention, treatment, and medication for his conditions.[27]

Defendant also fails to meet extraordinary and compelling reasons to warrant relief based on his age. Despite having medical conditions that rise to the level or serious deterioration in physical health and serving over 75 percent of his prison term, Defendant is only 49 years old.[28]

Additionally, the combination of Defendant's medical conditions and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief. Defendant's medical conditions put him in the high-risk category for serious complications or death if he contracts COVID-19.[29] But there is only the potential that Defendant may contract COVID-19 while in BOP custody. That potential still exists if Defendant is granted compassionate release.

Defendant does not assert that the specific conditions of his incarceration at Springfield MCFP put him at risk of contracting COVID-19. Defendant also acknowledges that the BOP has implemented substantial restrictions on inmates and prison staff to limit personal interactions and curb the spread of COVID-19.[30] These restrictions include canceling all programs, classes, and counseling for inmates.[31] Indeed, the BOP has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff. These protocols include:

---

[26] Recommendation.

[27] BOP Medical Records.

[28] *Id*.; Motion at 8; Recommendation.

[29] Motion at 8; BOP Medical Records; https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 2, 2020).

[30] Motion at 5-7, 11.

[31] *Id*. at 11.

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-10 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

- Social and legal visits at facilities have been suspended since March 13, 2020; and

- Expanded COVID-19 testing for inmates.[32]

Springfield MCFP has not avoided the COVID-19 pandemic.[33] However, there are currently nine staff and no inmate confirmed active COVID-19 cases.[34] On the other hand, La Puente, California (where Defendant plans to reside if granted compassionate release) has 1,534 confirmed COVID-19 cases, as case rate of 3,769 per 100,000 residence.[35] Defendant may be able to exercise more personal control over following CDC guidelines and recommendations if

---

[32] https://www.bop.gov/coronavirus (last visited Oct. 2, 2020).

[33] Motion at 8; Recommendation.

[34] https://www.bop.gov/coronavirus (last visited Oct. 2, 2020).

[35] http://publichealth.lacounty.gov/media/coronavirus/locations.htm (last visited Oct. 2, 2020).

6

released. But Defendant acknowledges "[t]here is a good chance that [he] will remain safe if [his M]otion is denied."[36] On this record, Defendant has not shown that he is more likely to contract COVID-19 in custody than if released. Therefore, Defendant fails to demonstrate that the combination of his medical condition and age, and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Defendant compassionate release. Defendant was convicted of one count of Human Trafficking of Children, in violation of 18 U.S.C. § 1591.[37] He has a criminal history category of III and misdemeanor convictions for assault and for offenses against a minor.[38] Additionally, the offense conduct in this case included trafficking underage prostitutes.[39] The offense carries a 10-year minimum mandatory sentence,[40] and Defendant's guideline range of imprisonment was 135 to 168 months.[41] Pursuant to his plea agreement, Defendant was sentenced to 72 months,[42] which is substantially less than the minimum mandatory and the low end of Defendant's guideline range.[43] Defendant was also sentenced to a 60-month term of supervised release.[44]

The serious nature and circumstances of Defendant's offense (which involved child victims), the appropriateness of the original 72-month prison sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Defendant. Defendant also

---

[36] Reply in Support of Motion for Compassionate Release ("Reply") at 4, docket no. 63, filed Sept. 25, 2020.

[37] Amended Judgment in a Criminal Case ("Judgment") at 1, docket no. 53, filed May 7, 2020.

[38] PSR ¶¶ 27-28, 32.

[39] *Id*. ¶¶ 5-8.

[40] 18 U.S.C. § 1591(b)(2).

[41] PSR ¶ 49.

[42] *Id*. ¶ 50; Judgment at 2.

[43] PSR ¶ 96.

[44] Judgment at 3.

has an alternative avenue of seeking relief because he is now eligible to make request to the BOP for a designation of home confinement.[45] Therefore, Defendant has not demonstrated that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion[46] is DENIED.

Signed October 5, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[45] Motion at 11; Recommendation.

[46] Docket no. 59, filed Aug. 28, 2020.