IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AARON ELLIOTT,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Case No. 1:15-cr-00010-DN<br><br>District Judge David Nuffer |

Defendant Aaron Elliott seeks reconsideration of the denial of his motion for compassionate release ("Motion for Reconsideration").[1] He argues that because circumstances have changed in the scientific community's understanding of COVID-19 outcomes and in the conditions at Springfield MCFP (where he is incarcerated), extraordinary and compelling reasons exist to justify compassionate release.[2] Mr. Elliott's arguments lack merit.[3]

The order denying Mr. Elliott's motion for compassionate release recognized that his medical conditions (which include diabetes, hypertension, obesity, and end-stage kidney disease) put him at high-risk of serious complications or death if he contracts COVID-19.[4] The order also recognized that Mr. Elliott's medical conditions are extraordinary and compelling under the United States Sentencing Commission's policy statement regarding compassionate release.[5] The

---

[1] Motion to Reconsider Mr. Elliott's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) ("Motion for Reconsideration"), docket no. 67, filed Feb. 4, 2021.

[2] *Id*. at 2-10.

[3] The government did not file a response to Mr. Elliott's Motion for Reconsideration. However, a response is unnecessary to the resolution of the Motion for Reconsideration.

[4] Memorandum Decision and Order Denying Motion for Compassionate Release ("Order") at 2-3, docket no. 65, filed Oct. 6, 2020.

[5] *Id*. at 4.

seriousness of Mr. Elliott's medical conditions, and particularly the complications he might suffer if he contacts COVID-19, was not misapprehended. This is what made Mr. Elliott's motion for compassionate release "closer than most."[6]

Advances in the scientific community's understanding of COVID-19 outcomes since the denial of Mr. Elliott's motion for compassionate release do not change the analysis of the prior order. They demonstrate that the prior order properly characterized Mr. Elliott's medical conditions in light of the COVID-19 pandemic as extraordinary and compelling.[7] These circumstances, however, did not justify granting Mr. Elliott compassionate release when considering all the circumstances. Predominant considerations in the denial of Mr. Elliott's motion for compassionate release included the potential for exposure to COVID-19 if he is granted compassionate release;[8] the level of medical attention and treatment he receives while incarcerated at Springfield MCFP (a Bureau of Prisons medical facility);[9] and the relevant factors of 18 U.S.C. § 3553(a).[10] Changes in the scientific community's understanding of COVID-19 outcomes do not alter the analysis of these predominant considerations.

Mr. Elliott's risks associated with the current conditions at Springfield MCFP also do not change the analysis of these predominate considerations. That the number of COVID-19 cases increased at Springfield MCFP since the denial of Mr. Elliott's motion for compassionate release[11] is not surprising. The order denying Mr. Elliott's motion for compassionate release

---

[6] *Id*. at 1.

[7] *Id*. at 4.

[8] *Id*. at 5-7.

[9] *Id*. at 4-5.

[10] *Id*. at 7.

[11] https://www.bop.gov/coronavirus/ (last visited Mar. 10, 2021). In total, 369 inmates have tested positive for COVID-19 at Springfiled MCFP. *Id*. There are currently one staff and one inmate confirmed active COVID-19

recognized that "Springfield MCFP has not avoided the COVID-19 pandemic."[12] The order also recognized that inmates, such as Mr. Elliott, "may be able to exercise more personal control over following CDC guidelines and recommendations if released."[13] But, as Mr. Elliott acknowledges, COVID-19 case counts are "extremely high across the country" and "[a] person is at risk of catching this illness anywhere."[14]

An inmate's risks of exposure to COVID-19 may be higher than that of the general public. But Mr. Elliott receives competent medical care at Springfield MCFP, including "medical attention, treatment, and medication for his conditions,"[15] as well as "around-the-clock nursing care, symptom checks, and monitoring."[16] It is unknown whether Mr. Elliott would receive such a level of care if released. Additionally, the relevant factors of 18 U.S.C. § 3553(a) (including the serious nature and circumstances of Mr. Elliott's offense, the appropriateness of the original sentence, and the need to protect the public from further crimes) weigh heavily against granting compassionate relief to Mr. Elliott.[17]

Mr. Elliott fails to identify a change in circumstances that would warrant reconsideration of the order denying his motion for compassionate release. And he has not demonstrated that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

---

cases at Springfield MCFP. *Id*. This is less than the number of active COVID-19 cases at Springfield MCFP (nine staff and no inmate) at the time of the order denying Mr. Elliott's motion for compassionate release. Order at 6.

[12] *Id*.

[13] *Id*. at 6-7.

[14] Motion for Reconsideration at 5.

[15] Order at 5.

[16] Motion for Reconsideration at 6.

[17] Order at 7.

**ORDER**

IT IS HEREBY ORDERED that Mr. Elliott's Motion for Reconsideration[18] is DENIED.

Signed March 11, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[18] Docket no. 67, filed Feb. 4, 2021.